IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>v.<br><br>DEWAYNE EUGENE HOPKINS,<br><br>                    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO TERMINATE SUPERVISED RELEASE<br><br><br>Case No. 2:09-CR-148 TS |

This matter is before the Court for consideration of Defendant's Motion to Terminate Supervised Release. For the reasons discussed below, the Court will grant Defendant's Motion.

I. BACKGROUND

Defendant was charged by Indictment on March 19, 2009, with one count of conspiracy to commit sex trafficking of children, in violation of 18 U.S.C. § 371. Defendant entered a plea of guilty to Count I of the Indictment on June 1, 2009. Defendant was then sentenced to a term of 54 months in the custody of the Bureau of Prisons, to be followed by a 36-month term of supervision. Defendant moves to terminate that supervision.

Defendant began his term of supervision on August 3, 2012. Thus, at this juncture, Defendant has completed nearly 19 months of supervision. Defendant requests that he be released from the remaining term of supervision to avoid disparate treatment between himself and his co-defendant, Ms. Julia Young. Defendant also argues that termination is warranted

1

because he has completed all the terms of his supervision by maintaining employment, staying in contact with his probations officer, passing all required drug tests, attending treatment, and otherwise abiding by the law.

Consultation with Defendant's supervising officer confirms that Defendant has remained compliant with the terms of his supervised release and fulfilled all of his financial obligations. Further, the Government makes no objection to Defendant's Motion.

## II. DISCUSSION

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Having considered these factors, reviewed the docket and case file, and consulted with Defendant's supervising officer, the Court finds that early termination of Defendant's term of supervised release is both warranted by the conduct of the offender and in the interest of justice.

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Terminate Supervised Release (Docket No. 125) is GRANTED. It is further

ORDERED that Defendant's term of supervised release shall be terminated effective immediately and this case shall be closed.

DATED February 21, 2014.

                      BY THE COURT:

                      _____
                      TED STEWART
                      United States District Judge